# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMUEL JORDAN,

      Appellant,

        v.

DEPARTMENT OF THE INTERIOR,

      Agency.

DOCKET NUMBER
DC-1221-14-0224-W-1

DATE: April 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Samuel Jordan</u>, Washington, D.C., pro se.

<u>Josh C. Hildreth</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1       The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in an individual right of action (IRA) appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was formerly employed as an Equal Employment Manager with the agency's National Park Service, Office of Equal Opportunity Programs (OEOP), until his employment was terminated, effective July 23, 2012, after the agency discovered that he had been improperly selected for the position.[2] Initial Appeal File (IAF), Tab 1 at 3, Tab 12 at 5. He filed an appeal with the Board alleging that his employment was terminated in retaliation for his protected disclosures. IAF, Tab 1 at 1. Specifically, he alleged that he made the following disclosures: (1) he disclosed to the OEOP Chief that her unilateral modifications of an information technology (IT) contract were violations of contract law and

---

[2] The appellant was hired under a merit promotion certificate of eligibles. Initial Appeal File (IAF), Tab 8 at 16, Tab 9 at 5-12. After he entered on duty, the agency discovered that he was not eligible for reinstatement and had been erroneously referred and selected for the position. IAF, Tab 8 at 16-18, 37-38. As a result, the agency placed him under a temporary critical appointment while it re-advertised the position under delegated examining procedures to allow the appellant to reapply. *Id.* at 30-40. According to the agency, the appellant's application for the re-advertised position was not received by the deadline, and it declined to reopen the advertisement again because of the number of preference eligibles already on the certificate. *Id.* at 17; IAF, Tab 33 at 4-12.

Federal regulations; and (2) he disclosed to the OEOP Chief, an Associate Director, and a contractor various concerns he had regarding the "Jappa" project and contract being "ill-advised" and not in accordance with contract law, regulations, ethics, or sound management practices. *Id.* at 4; IAF, Tab 4 at 4-5.

¶3    After finding Board jurisdiction and holding a hearing, the administrative judge issued an initial decision finding that the appellant failed to prove by preponderant evidence that his disclosures were protected, and, even assuming that his disclosures were protected, he failed to show that any disclosure was a contributing factor in the agency's decision to terminate his employment. IAF, Tab 35, Initial Decision (ID) at 18-25.

¶4    The appellant has filed a petition for review of the initial decision in which he asserts that the administrative judge erred in finding that he failed to prove that he made a protected disclosure or that his disclosures were a contributing factor in his termination.[3]  Petition for Review (PFR) File, Tab 4 at 12, 15-16. The appellant also asserts that the administrative judge abused his discretion by making arbitrary rulings on the admissibility of witnesses and evidence.[4]  *Id.*

---

[3] The appellant's petition for review was filed 2 days after the deadline established by the Clerk of the Board, Petition for Review (PFR) File, Tabs 2-3, but he asserts that problems with the Board's e-Appeal online system prevented him from filing it in a timely fashion, PFR File, Tab 4 at 3-4. Because the Board's e-Appeal logs confirm that the appellant attempted to file his petition prior to the deadline, but experienced problems, we find that there was good cause for the untimely filing of the petition for review. *See* 5 C.F.R. §§ 1201.113(d), 1201.114(f).

[4] The appellant has also filed a motion for leave to file an additional pleading to submit new documents he received from the agency on August 19, 2015, through a Freedom of Information Act (FOIA) request, which he contends establish that he made a protected disclosure. PFR File, Tab 7 at 4. The appellant has failed to sufficiently explain the nature of these documents, how this alleged new evidence changes the outcome of his appeal, or why he could not have submitted such documents with his petition for review. *See* 5 C.F.R. § 1201.114(a)(5). Accordingly, the appellant's motion is denied.

at 5‑11, 13. The agency has filed an untimely response to the appellant's petition.[5]

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the appellant failed to prove that he made a protected disclosure.</u>

¶5    To prevail on a claim under the Whistleblower Protection Act of 1989,[6] an appellant must prove by preponderant evidence that he made a protected disclosure and that such disclosure was a contributing factor in an agency personnel action; if so, the Board must order corrective action unless the agency established by clear and convincing evidence that it would have taken the same personnel action in the absence of the disclosure. *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 17 (2013).

¶6    An individual making a disclosure may be protected from retaliation for whistleblowing based on his reasonable belief that his disclosure evidenced one or more of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8), even when his belief is mistaken. *See Drake v. Agency for International Development*, 543 F.3d 1377, 1382 (Fed. Cir. 2008). The test for determining whether an employee's belief regarding the disclosed matter is reasonable is whether a disinterested observer with knowledge of the essential facts known to and readily

---

[5] The agency's response was due on October 14, 2015. PFR File, Tab 5. On November 3, 2015, the agency filed its response accompanied by a motion to waive the filing deadline in which the agency's representative asserts that he misread the Board's order. PFR File, Tab 12 at 4-5. The Board will waive the filing deadline for an untimely response to a petition for review only for good cause. *Jones v. U.S. Postal Service*, 110 M.S.P.R. 674, ¶ 5 n.2 (2009). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* We find that the agency has failed to show that it exercised due diligence under the particular circumstances of the case. Consequently, we have not considered the agency's response, which was untimely by 20 days.

[6] All of the relevant events occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465.

ascertainable by the employee could reasonably conclude that the actions of the agency evidence the wrongdoing disclosed. *Lachance v. White*, 174 F.3d 1378, 1381 (Fed. Cir. 1999).

¶7    The administrative judge summarized the appellant's testimony at the hearing regarding his first alleged disclosure as follows. On May 25, 2012, the OEOP Chief held a staff meeting in which she announced that some office equipment appeared to have been vandalized. ID at 9. An IT contractor present at the meeting indicated that he may have accidentally moved the office equipment while working on an employee's computer. *Id.* As a result, the OEOP Chief instructed the contractor that, in the future, he should notify employees in advance of accessing their computers and have them present and that he could no longer access her computer system because he had compromised and breached sensitive Federal data. ID at 9‑10. The appellant regarded such statements as "unilateral modifications" to a Government contract and alleged that he then disclosed to the OEOP Chief during the meeting that it was not proper in terms of normal contractual relations to make such unilateral modifications to an agreement. ID at 10.

¶8    The administrative judge found that the appellant failed to prove that a reasonable person in his position would have regarded the restrictions the OEOP Chief implemented regarding the contractor's computer access as a contractual violation. ID at 19. The administrative judge also noted that the appellant testified that at the time of his disclosure he had not seen a copy of the contract that he asserted the Chief was violating, the appellant did not introduce a copy of the contract, and he did not explain how such restrictions violated any specific term or provision of the contract. *Id.* Further, the appellant testified that he subsequently reviewed the contract and found there was no provision addressing the issue of the contractor's level of computer access. ID at 10 n.12.

¶9    On review, the appellant argues that the administrative judge erred in requiring him to have read the specific contract at issue and to have been familiar

with its explicit language. PFR File, Tab 4 at 15. He asserts that most contracts include a standard provision specifying that the agreement may be modified only in writing with the parties' consent, and based on his knowledge of this fact he reasonably believed that a unilateral modification of the contract was a violation of law, rule, or regulation. *Id.* at 16. We agree with the appellant that the fact that he had not seen the contract at the time of his disclosure is not dispositive; however, we nonetheless find that he did not prove by preponderant evidence that a reasonable person would have concluded that the OEOP Chief's actions were an attempt to modify a Government contract or that her actions were a violation of any law, rule, or regulation.

¶10   The appellant's second disclosure relates to the "Jappa" contract for a team‑building project in which a contractor was to conduct one-on-one interviews with OEOP employees to discuss their feelings and observations of the office. ID at 12; IAF, Tab 4 at 8. As the administrative judge summarized, the appellant expressed the following concerns to the OEOP Chief, the Associate Director, and the contractor: (1) one-on-one interviews could not be conducted without approval by the General Counsel; (2) employees would not be guaranteed confidentiality; (3) employees did not have the ability to opt out of the discussions; (4) the information obtained from the project would not be shared with all of the employees; (5) the contract lacked validation for its methodology and did not require evaluations from participating staff, declare a standard or measure by which its effectiveness would be assessed, or provide a date by which a final report would be submitted by the contractor; and (6) the project appeared to be an attempt to find out who wrote an anonymous letter to high-level agency officials complaining about the OEOP Chief's management practices. ID at 7-8, 12-13, 20-21.

¶11   The administrative judge found that the appellant failed to prove that such disclosures were protected because he had not seen the contract and did not otherwise provide any authority or evidentiary support for his assertions that the

contract was somehow unethical or illegal, which appeared to have been based on speculation. ID at 20-21. On review, the appellant asserts that the administrative judge erred in requiring him to have seen the contract and failed to inquire as to the reasonableness of his belief. PFR File, Tab 4 at 15-16. To that end, he contends that he reasonably believed that the "missing features and notifications" were indicative of gross mismanagement, a gross waste of funds, and an abuse of authority. *Id.* at 16. As the administrative judge found, the appellant did not identify any law, rule, or regulation he contends the project violated. ID at 20‑21. Nor does the record contain any basis from which to discern that a reasonable person would have believed that the project violated Government contracting principles. Thus, we find that the appellant did not show that he reasonably believed that he disclosed a violation of law, rule, or regulation.

¶12        Similarly, the appellant has not established that a reasonable person would have believed that this project constituted gross mismanagement, a gross waste of funds, or an abuse of authority. *See, e.g.*, *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 15 (2010) (defining an abuse of authority as an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons); *Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (defining gross mismanagement as creating a substantial risk of significant adverse impact upon the agency's ability to accomplish its mission); *Van Ee v. Environmental Protection Agency*, 64 M.S.P.R. 693, 698 (1994) (defining a gross waste of funds as an expenditure significantly out of proportion to the benefit reasonably expected to accrue). Accordingly, we agree with the administrative judge that the appellant failed to prove by preponderant evidence that he made a protected disclosure.[7]

---

[7] In light of our finding, we need not consider the appellant's arguments concerning the administrative judge's finding that he failed to establish that any alleged disclosure was a contributing factor in his termination. PFR File, Tab 4 at 13-15, 18-20.

<u>The administrative judge did not abuse his discretion in his rulings on discovery, admissibility of evidence, or witnesses approved to testify at the hearing.</u>

¶13    The appellant argues that the administrative judge improperly denied his request to call the OEOP Chief as a witness because her testimony would have established her role in the personnel actions that led to his termination and revealed the extent to which his protected disclosures were contributing factors in her decision to terminate his employment.[8]    PFR File, Tab 4 at 5-6.    The administrative judge denied this witness because the appellant had not contacted or deposed her, had not obtained any relevant information relating to her testimony through requests for interrogatories or admissions, and the appellant acknowledged that he did not know what her testimony would be.    IAF, Tab 31 at 3.    Nonetheless, the administrative judge informed the appellant that, if he felt that this witness was relevant or necessary to corroborate a disputed fact at the conclusion of the presentation of evidence at the hearing, he could make a request for reconsideration.    *Id.* at 3 n.3.    At the conclusion of the hearing, the appellant did not request reconsideration of the ruling.    ID at 4 n.3.

¶14    It is well settled that an administrative judge has broad discretion to control the course of the hearing before him.    *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 9 (2012).    Rulings regarding the exclusion of evidence are

---

[8] The appellant appears to contend that the OEOP Chief was involved in the decision not to reopen the re-advertised position after his application was not received by the deadline.    PFR File, Tab 4 at 6.    However, the administrative judge credited the testimony of the Chief of Human Resources Operations that she unilaterally decided not to reopen the position due to the number of preference eligibles on the certificate of eligibles, all of whom had hiring preference over the appellant.    ID at 23.    The Chief of Human Resources Operations also specifically testified that the OEOP Chief did not instruct or influence her to make the decision.    IAF, Tab 34, Hearing Compact Disc at 3:23, 2:58.    The appellant contends that the OEOP Chief had a motive to retaliate against him because she was forced to retire on October 30, 2014, due to an Inspector General (IG) investigation, commenced following his October 24, 2013 FOIA request, which found irregularities in the Jappa contract.    PFR File, Tab 4 at 6-7; IAF, Tab 4 at 12, Tab 24 at 2.    These alleged events occurred after the appellant's termination and he acknowledges that he was unable to obtain corroboration of the results of the IG investigation.    PFR File, Tab 4 at 7.

subject to review by the Board under an abuse of discretion standard. *Id.*, ¶ 11. We find no abuse of discretion in the administrative judge's denial of the appellant's witness based on his failure to discuss her anticipated testimony in advance. Without talking to the witness, the appellant could not confirm the accuracy of his proffers. *See Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985) (finding that an administrative judge has wide discretion to exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious). Even assuming that the administrative judge improperly denied this witness, we find that the appellant's rights were not prejudiced because such testimony would not have resulted in a different outcome in light of our finding that the appellant failed to establish that he made a protected disclosure. *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (stating that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).

¶15 Next, the appellant argues that the administrative judge was biased against him, as evidenced by his allowing the agency to supplement its prehearing submissions to include an additional exhibit after the prehearing conference, but not allowing the appellant to conduct discovery within 1 week of the hearing. PFR File, Tab 4 at 7. However, this bare assertion does not establish a deep‑seated antagonism towards the appellant that would make fair judgment impossible and does not overcome the presumption of honesty and integrity accorded to administrative judges. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

¶16 The appellant also contends that, when allowing the agency to supplement its prehearing submissions, the administrative judge improperly failed to inquire whether the agency's supplemental exhibit, the certificate of eligibles for the

appellant's June 12, 2012 re-advertised position, "met any probative value or basic common sense test." PFR File, Tab 4 at 9. Nonetheless, the appellant acknowledges that the administrative judge made no ruling regarding the agency's supplemental prehearing submissions. *Id.* To the extent the administrative judge relied on this document, we find no abuse of discretion. ID at 23. Such a document was relevant and supported the testimony of the Chief of Human Resources Operations that, after the appellant's résumé for the re‑advertised position was not received by the deadline, she declined to reopen the vacancy announcement because it would have been virtually impossible to hire him given the number of other veterans' preference candidates on the certificate of eligibles. ID at 16-17.

¶17        Regarding the appellant's arguments concerning the denial of discovery, PFR File, Tab 4 at 13, it is clear that the administrative judge informed him of discovery procedures in the acknowledgment order, IAF, Tab 2 at 3-4. We find that the administrative judge did not abuse his discretion in denying the appellant's discovery request within only a week of the hearing. Moreover, the document the appellant sought, the March 19, 2012 certificate of eligibles from which he was originally hired, would not have affected the outcome. *See Sanders*, 114 M.S.P.R. 487, ¶ 10. The appellant contends this document is relevant to show that he was initially hired over preference-eligible candidates thereby disputing the agency's assertion that, even if his application for the re‑advertised position had been received before the deadline, it would have been virtually impossible to hire him due to the number of veterans' preference candidates on the certificate of eligibles. PFR File, Tab 4 at 13. However, this argument is entitled to little weight, given that it is undisputed that the appellant was initially hired from a merit promotion certificate of eligibles, IAF, Tab 9 at 5, under which an agency is not required to follow veterans' preference rules, *see, e.g.*, *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 7 (2006).

¶18    Finally, the appellant contends that the administrative judge improperly limited his questioning of two human resources witnesses regarding the circumstances that led to his termination.  PFR File, Tab 4 at 10-11, 24-26.  We have reviewed the record and find that the limits placed on his questioning of witnesses were within the administrative judge's broad discretion to control the hearing.  5 C.F.R. § 1201.41(b)(3), (6), (10); *see, e.g.*, *Tisdell v. Department of the Air Force*, 94 M.S.P.R. 44, ¶ 13 (2003) (stating that an administrative judge has wide discretion to control the proceedings before him, to receive relevant evidence, and to ensure that the record on significant issues is fully developed); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 8 (2000) (explaining  that an administrative judge has wide discretion to control the proceedings, including authority to exclude testimony he believes would be irrelevant or immaterial).

¶19    In sum, we find that the appellant's remaining arguments constitute mere disagreement with the administrative judge's findings and do not provide a basis for disturbing the initial decision.  *See Diggs v. Department of Housing & Urban Development*, 114 M.S.P.R. 464, ¶ 8 (2010).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge

the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.